UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN MORRISSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-CV-2300-NAB |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Kathleen Morrissey's application for disability insurance benefits under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 3.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion.

**I.      Issues for Review**

Morrissey asserts two errors by the administrative law judge ("ALJ") for review. First, Morrissey contends that the residual functional capacity determination ("RFC") is not supported by substantial evidence. Second, Morrissey contends that the ALJ did not conduct a proper credibility analysis.

## II. Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980); *Cruse v. Bowen*, 867 F.2d 1183, 1184-85 (8th Cir. 1989). Additionally, an ALJ's decision must comply "with the relevant legal requirements." *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008).

### III. Discussion

#### A. RFC Determination

Morrissey contends that the residual functional capacity was not based on substantial evidence, because it failed to provide sufficient limitations for Morrissey's problems using her hands or for chronic fatigue. RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 404.1545(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

In this case, the ALJ determined that Morrissey had the RFC to perform light work, except that she could never climb ladders, ropes, or scaffolding at work. The Court finds that the ALJ's RFC determination was supported by substantial evidence in the record as a whole. The ALJ's decision thoroughly discusses Morrissey's medical treatment, her activities of daily living, and her testimony regarding subjective complaints. The ALJ's opinion discusses the portions of Morrissey's testimony and the medical record regarding complaints of fatigue and pain or difficulty in using her hands. (Tr. 15-18.) The ALJ also found, however, that Morrissey's medical records show that she went several months at a time without receiving treatment for her conditions. *See Page v. Astrue*, 484 F.3d 1040, 1044 (8th Cir. 2007) (quoting *Shannon v. Chater*,

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

54 F.3d 484, 486 (8th Cir. 1995)) ("'While not dispositive, a failure to seek treatment may indicate the relative seriousness of a medical problem'"). Moreover, the medical evidence also shows that Morrissey reported to her treating physicians that her fibromyalgia was under control with her medication. *See Medhaug v. Astrue*, 578 F.3d 805, 816 (8th Cir. 2009) (ALJ properly considered claimant's own statements and statements of physicians that pain was controlled with prescription medication and injections). It was also appropriate for the ALJ to consider Morrissey's activities of daily living, which did not indicate the level of disability that Morrissey claims. *Medhaug*, 578 F.3d at 817 (acts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking are inconsistent with subjective complaints of disabling pain and reflect negatively upon the claimant's credibility). Finally, it was appropriate for the ALJ to consider that none of Morrissey's treating physicians placed any restrictions on her activities or indicated that she was disabled. *See Brown v. Chater*, 87 F.3d 963, 965 (8th Cir. 1996) (lack of restrictions by treating physician supports ALJ determination that plaintiff was not disabled).

The Eighth Circuit has found that fibromyalgia has the *potential* to be disabling. *Forehand v. Barnhart*, 364 F.3d 984, 987 (8th Cir. 2004) (emphasis added). A diagnosis of fibromyalgia alone is not sufficient to find that Morrissey is disabled. *Perkins v. Astrue*, 648 F.3d 892, 900 (8th Cir. 2011) (not every diagnosis of fibromyalgia warrants a finding that a claimant is disabled). "While pain may be disabling if it precludes a claimant from engaging in any form of substantial gainful activity, the mere fact that working may cause pain or discomfort does not mandate a finding of disability." *Perkins*, 648 F.3d at 900. Therefore, the Court finds that the ALJ's RFC determination was supported by substantial evidence in the record as a whole.

B.  **Credibility Analysis**

Regarding the credibility determination, Morrissey asserts that the ALJ improperly concluded that she was not a credible witness. "While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. *Id.* The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. *Id.* The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

> (1) the claimant's daily activities;
>
> (2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;
>
> (3) any precipitating or aggravating factors;
>
> (4) the dosage, effectiveness, and side effects of any medication; and
>
> (5) the claimant's functional restrictions

*Id.* The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005); *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he

considered all of the evidence." *Id.* The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). The ALJ need only acknowledge and consider those factors. *Id.* Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988).

In this case, the ALJ found that Morrissey's daily activities were not limited to the extent expected based on her complaints of disabling symptoms and limitations. (Tr. 19.) The ALJ noted that Morrissey was able to perform most household chores, care for her husband during his cancer treatment, and travel to New York and Florida after the alleged onset date. (Tr. 19.) The ALJ also noted that Morrissey had infrequent trips to the doctor and her impairments responded to medications and treatment. (Tr. 19.) The ALJ noted that Morrissey testified that she stopped working due to her medical problems, but also testified that she stopped working due to a change in staffing at her job. (Tr. 20.)

Morrissey contends that the ALJ's conclusions regarding her treatment records were not supported by substantial evidence and the reliance on her activities of daily living was misplaced. The Court finds that the ALJ's credibility findings were consistent with *Polaski* and supported by substantial evidence in the record as a whole. As stated previously, in this opinion, the ALJ could properly consider all of these factors in determining her RFC and can consider them in assessing her credibility under *Polaski*. Further, the ALJ did not rely solely upon any one of the factors in the credibility analysis. Considering all of the factors relied upon by the ALJ in combination, substantial evidence in the record supports the ALJ's credibility findings.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Morrissey's Complaint and Brief in Support of Complaint is **DENIED**. [Doc. 1, 8.]

A separate Judgment will be entered this date in favor of the Defendant.

Dated this 13th day of November, 2013.

                                                    /s/ Nannette A. Baker
                                            NANNETTE A. BAKER
                                            UNITED STATES MAGISTRATE JUDGE